# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CAROLINE MOYRA MULLEN,<br><br>　　　　Defendant. | Case Nos. 2:00-CR-00127-KJD-LRL<br>　　　　　　2:06-CV-00088-KJD-LRL<br><br>**ORDER** |

　　　　Presently, the Court has before it Movant Caroline Mullen's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#43). The Government filed a response in opposition (#49). The Court has also considered Movant's Motion Requesting Status on her Case (#50).

**I.  Background.**

　　　　On April 5, 2000, Movant was indicted by a federal grand jury. On May 3, 2000, the Grand Jury returned a Superseding Indictment alleging three counts of Armed Bank Robbery, in violation of 18 U.S.C. § 2113(a) & (d), one count of Use of a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), two counts of Bank Robbery in violation of 18 U.S.C. § 2113(a) and one count of Interference with Commerce by Threats or Violence. On October 4, 2000, Movant pled guilty to all six counts without the benefit of a plea agreement. On April 3,

2001, the Court sentenced Movant to 51 months imprisonment, 5 years supervised release and $10,439.00 restitution on Counts 1, 3, 4, 5, and 6, said counts to run concurrently. Additionally, the Court sentenced Movant to 84 months imprisonment on Count 2 to be served consecutively to the sentence imposed on Counts 1, 3, 4, 5, and 6. Defendant did not note an appeal.

On April 4, 2002, Movant filed her first § 2255 Motion (#29). On June 19, 2002, the Court received Movant's Memorandum and Points of Law in Support of 28 U.S.C. § 2255 (#33). In the memorandum, Movant argued that her counsel rendered ineffective assistance for, among other things, failing to file an appeal. In a letter (#37) dated June 26, 2003, Movant wrote the Court seeking "to cancel" her § 2255 motion. In an Order (#38) entered on July 25, 2003, the Court construed Movant's letter as a motion for voluntary dismissal pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and dismissed without prejudice Movant's § 2255 motion. On April 25, 2005, Movant filed an Application to Reopen her § 2255 Motion under Federal Rule of Civil Procedure 60(5) (#41). On July 12, 2005, the Court denied Movant's Application to Reopen her previously dismissed § 2255 motion.

Movant's instant § 2255 Motion is considered filed on January 13, 2006.[1] In her motion, Movant argues that her Fifth and Sixth Amendment rights were violated when her counsel failed to note an appeal, to object to statements in her presentence report, or to inform her about the nature and sentencing effect of the crimes charged against her (specifically the 18 U.S.C. § 924(c) charge). Additionally, Movant argues that her sentence violates the Sixth Amendment pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 524 U.S. 296 (2004).

**II. Analysis.**

As this is the second § 2255 motion Movant has filed, the Court must first determine whether it has jurisdiction to even consider it. Movant's memorandum in support of her instant § 2255

---

[1] This is the date Movant asserts she delivered her original petition to prison officials for forwarding to the court clerk. See Houston v. Lack, 487 U.S. 273, 276 (1988). This assertion is supported by the fact the Court received the instant motion on January 20, 2006.

motion is convoluted concerning its status. While she submits this § 2255 motion to this Court, her memorandum also requests that the Ninth Circuit "grant[s] this successive request for habeas corpus relief." Section 2255 bars second or successive motions except in two limited circumstances, not applicable here. Before one can file a second or successive § 2255 motion, the movant must first seek approval from the appropriate court of appeals to file such. See 28 U.S.C. §§ 2244(b)(3)(A), 2255. Failure to first seek such certification deprives the district court of jurisdiction to consider the second or successive § 2255 motion. See 28 U.S.C. §§ 2244(b)(3), 2255; see also United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998). Although Movant has not sought approval from the Ninth Circuit, the Court finds that such approval is not required.

Numerically, the instant § 2255 motion is Movant's second. However, the phrase "second or successive" motion is a term of art given substance in prior habeas corpus cases. See Slack v. McDaniel, 529 U.S. 473, 487 (2000). Here, Movant asked to dismiss her first § 2255 motion. The Court construed this request as a Rule 41(a) motion and thus dismissed the first § 2255 motion without prejudice. The Court did not adjudicate any of Movant's claims contained in the first § 2255 motion. The Court finds this situation analogous to § 2254 petitions that have been dismissed without prejudice to allow the petitioner the opportunity to return to state court to exhaust his claims. The courts have uniformly held that a habeas petition filed after a previous petition has been dismissed on exhaustion grounds is not a "second or successive petition." See id. at 487-88 (listing cases). Accordingly, the Court finds that the instant § 2255 motion is not a second or successive motion requiring Ninth Circuit certification under 28 U.S.C. § 2244. Because the Court has jurisdiction to consider this instant motion, the Court now turns to whether it is timely.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") accords a federal prisoner one year in which to collaterally challenge his conviction. See 28 U.S.C. §§ 2244(d)(1), 2255. There are four dates upon which the one-year limitations period may start: (1) the date the conviction became final on direct review; (2) the date a governmentally created impediment preventing the movant from filing her § 2255 motion was removed; (3) the date the U.S. Supreme

1 Court recognized a new right made retroactive to cases on collateral review; or (4) the date facts
2 supporting the claims presented in the motion could have been discovered through due diligence.
3 See 28 U.S.C. § 2255. After reviewing Movant's § 2255 motion, there is a colorable argument that
4 three of the four possible starting dates could possibly apply.[2] However, the Court finds that the
5 instant motion is untimely no matter which of these three starting points under § 2255 are used and
6 thus the motion must be dismissed.

7 First, if the Court were to use the date Movant's conviction became final on direct review as
8 the starting point in calculating the one-year limitations period, Movant's § 2255 would be untimely.
9 Judgment in Movant's criminal case was entered on April 4, 2001. Movant had ten days, or until
10 April 18, 2001 to note an appeal. See Fed. R. App. P. 4(b)(1)(A)(I), 26(a)(2). When Movant failed
11 to note an appeal, her conviction and judgment became final for purposes of direct review on April
12 18, 2001. See United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001). The instant § 2255
13 motion was filed on January 13, 2006, almost five years after her conviction became final. Even if
14 the Court were to assume that the one-year limitations period was tolled during the time her first
15 § 2255 motion (April 4, 2002 - July 25, 2003) and Motion to Reopen § 2255 Motion (April 25, 2005
16 - July 12, 2005) were pending, the instant § 2255 motion would still be over three years too late.

17 Second, the date the U.S. Supreme Court recognized a new right made retroactive to cases on
18 collateral review is not applicable to Movant's claims. The only claim that could possibly fall under
19 this starting date is the one that alleges her sentence violates the Sixth Amendment under the
20 reasoning of Blakely v. Washington, 524 U.S. 296 (2004). The rule initially announced in Jones v.
21 United States, 526 U.S. 227 (1999) and Apprendi v. New Jersey, 530 U.S. 466 (2000), and which
22 later culminated in Blakely and United States v. Booker, 543 U.S. 220 (2005) is that the Sixth
23 Amendment requires any fact (other than a prior conviction) which is necessary to support a sentence

---

[2]None of the allegations in the motion suggest that a governmentally created impediment prevented the movant from filing her § 2255 motion. The fact that she filed a previous § 2255 motion suggests that no impediment existed. Moreover, the actions of her court-appointed counsel, to the extent they can be viewed as impediments, are not "governmentally created."

4

exceeding the maximum authorized by the facts established by a plea of guilty or jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt. See Booker, 543 U.S. at 244.[3]  Contrary to Movant's reasoning, the Courts have routinely held that the rule announced in this line of cases is not retroactive to cases on collateral review. See Schriro v. Summerlin, 542 U.S. 348, 358 (2004); Schardt v. Payne, 414 F.3d 1025, 1036 (9th Cir. 2005); United States v. Cruz, 423 F.3d 1119, 1120-21 (9th Cir. 2005); Lloyd v. United States, 407 F.3d 608, 615-16 (3rd Cir. 2005); Guzman v. United States, 404 F.3d 139, 143-44 (2d Cir. 2005); McReynolds, 397 F.3d at 481.  As there is no new right made retroactive to cases on collateral review, this starting point for the one-year limitations period is unavailable to Movant.

Finally, the date facts supporting the claims presented in the motion could have been discovered through due diligence does not render Movant's instant § 2255 motion timely.  Movant's remaining claims concern actions (or inaction) by her court-appointed counsel which allegedly violated her Fifth and Sixth Amendment rights.  Movant argues that her counsel failed to note an appeal, failed to object to statements in her presentence report and failed to inform her about the nature and sentencing effect of the crimes charged against her (specifically the 18 U.S.C. § 924(c) charge).  The facts underlying her claims concerning the nature and sentencing effect of the crime charged against her as well as the failure to object to the portions of the presentence report were known and thus discoverable at the conclusion of the sentencing hearing.  As to her claim concerning her counsel's failure to note an appeal, Movant knew the facts concerning this claim no later then when she filed her first § 2255 motion which presented this very same claim.  Even if the Court were to give Movant the benefit of the doubt and find that the date she should have discovered the facts

---

[3]Although Movant attempts to refer to the rule emanating from these decisions as the Apprendi or Blakely rule, it is more appropriate to refer to it as the Booker rule. As explained in McReynolds v. United States, Booker, not Blakely, is the appropriate "dividing line" because Blakely reserved decision about the status of the federal sentencing guidelines. See 397 F.3d 479, 481 (7th Cir. 2005). Booker represents the establishment of a new rule about the federal sentencing guidelines. See id. Nevertheless, the distinction is moot in the instant case. Movant's conviction became final on direct review before either Blakely or Booker was issued.

5

underlying all these remaining claims is the date she filed her first § 2255 (and assuming that this first §2255 motion tolled the one-year limitations period) the instant § 2255 motion is still well beyond the one-year limitations period.

### III.  Conclusion.

Movant's instant § 2255 motion is untimely under the AEDPA.  No matter which of § 2255's starting points is used for calculating the one-year limitations period, Movant's instant motion is untimely.

Accordingly, IT IS HEREBY ORDERED that Movant Caroline Mullen's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#43) is **DISMISSED**.

IT IS FURTHER ORDERED that Movant's Motion Requesting Status on her Case (#50) is **DENIED AS MOOT**.

DATED this 20th day of February 2007.

_____
Kent J. Dawson
United States District Judge